Thomas CHILTON, Appellant,

v.

GENERAL MOTORS PARTS DIVISION, Respondent.

No. 45067.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 7, 1982.

L. Steven Goldblatt, Thomas M. Singer, St. Louis, for appellant.

Daniel J. Harlan, St. Louis, for respondent.

CRIST, Judge.

Worker's compensation case.

Administrative law judge found in favor of appellant-employee and the Labor and Industrial Relations Commission affirmed the award. The circuit court, however, reversed, stating: the award was not supported by competent and substantial evidence; employee failed to establish his burden of proof on the issue of accident; it was error to admit hearsay testimony; and, in light of the testimony offered by both parties, the award was contrary to the overwhelming weight of the evidence. We reverse and reinstate the award of the Labor and Industrial Relations Commission.

■ Our review focuses on the award of the Labor and Industrial Relations Commission rather than the findings of the circuit court. *Wilhite v. Hurd,* 411 S.W.2d 72, 76 (Mo.1967). When reviewing an administrative law proceeding we must examine the entire record to see if the award is supported by competent and substantial evidence. All evidence and legitimate inferences arising therefrom must be viewed in a light most favorable to the award. *Pulliam v. McDonnell Douglas Corp.,* 558 S.W.2d 693, 697 (Mo.App.1977). Further, we will not substitute our judgment for that of the Commission. An award will be set aside only if the findings of the Commission are found to be "clearly contrary to the overwhelming weight of the evidence." *Id.*

. An examination of the record on appeal reveals there was conflicting testimony as to whether or not the employee had sustained a compensable accident.

Employee testified while moving auto parts from a boxcar to a rack, he stepped into a section of the floor where a chunk of wood was missing, and twisted and injured his knee. Fellow-employee Schell testified he saw employee sitting near the boxcar shortly after injuring himself; it was not uncommon for the boxcar floors to be damaged; and that upon inspection, he found a hole in the floor of the boxcar in which employee was working.

Employer, on the other hand, believes its evidence successfully controverted that of employee. Employer was self-insured. It called two witnesses who had been with the company for over twenty years in an at-

tempt to prove the injury to employee was not work-related. The first witness said she saw employee limping into work on the day of the accident. When employee reported his injury, she inspected the boxcar and found no hole in the floor, and at the time of the injury, she felt employee's knee was too swollen and too bluish for the injury to have just occurred. Upon questioning employee after the accident, she elicited from him he had actually hurt his knee playing ball. She included none of the above testimony in the accident report she filled out for employee.

Employer's second witness testified he had been with employer for twenty-five years, had likewise seen employee limping into work the morning of the accident and employee had told him the injury had occurred while playing ball.

In determining whether or not an employee has sustained a compensable accident, the Labor and Industrial Relations Commission may base its findings and award entirely on the testimony of the employee if his testimony shows he sustained an injury arising by accident. *Davies v. Carter Carburetor Division A.C.F. Industries, Inc.*, 429 S.W.2d 738, 748 (Mo.1968). The administrative law judge and the Labor and Industrial Relations Commission chose to believe employee sustained a compensable accident when he stepped into a hole in the boxcar. There were no records, hospital or otherwise, to indicate employee had injured himself playing ball. We are not permitted to substitute our judgment for that of the Labor and Industrial Relations Commission.

The judgment of the circuit court is reversed and the final award of compensation by the Labor and Industrial Relations Commission is affirmed and reinstated.

CRANDALL, P.J., and REINHARD, J., concur.