**Donna DeBeth BARNES, Appellant,**

**v.**

**FORD MOTOR COMPANY and Treasurer of Missouri, Respondents.**

**No. WD 37106.**

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Application to Transfer Denied May 13, 1986.

Bart L. Strother, Kansas City, for appellant.

James W. Humphrey, Jr., Kansas City, for respondent Ford Motor Co.

William L. Webster, Rebecca S. Magruder, Kansas City, for Treasurer of Mo.

Before CLARK, C.J., and SHANGLER and KENNEDY, JJ.

KENNEDY, Judge.

Workers' compensation claimant Donna DeBeth Barnes appeals from a circuit court judgment affirming an award of the Labor and Industrial Relations Commission which found a permanent partial disability at the wrist resulting from an employment accident, but which found against her claim that she suffered disabling psychological damage as a result of the accident. The award also denied her claim against the Second Injury Fund, § 287.220, RSMo Supp.1984.

Claimant's attack upon the award is based upon the Commission's claimed disregard of the testimony of a psychiatrist who testified in support of her claim, evidence which the claimant says the Commission was bound to recognize and consider; and upon the claimed absence of substantial evidence to support the award, or, alternatively, that the award was against the overwhelming weight of the evidence.

The claimant has the burden of proof to establish that she sustained an injury by accident arising out of and in the course of her employment, and that the accident resulted in the alleged injuries. *Meilves v. Morris,* 422 S.W.2d 335, 339 (Mo.1968); *Harger v. Acme Fast Freight, Inc.,* 336 S.W.2d 109, 112 (Mo. banc 1960); *Vickery v. ACF Industries, Inc.,* 454 S.W.2d 620, 622 (Mo.App.1970). We are bound to affirm the award if it is supported by competent and substantial evidence on the whole record. We may not substitute our judgment upon issues of fact for the judgment of the Commission. *Vogel v. Hall Implement Co.,* 551 S.W.2d 922, 923–24 (Mo.App.1977); *Johnson v. Medlock,* 420 S.W.2d 57, 59 (Mo.App.1967), *quoting Long v. Mississippi Lime Co.,* 257 S.W.2d 167, 170 (Mo.App.1953); *Shireman v. Rainen*

*Home Furnishers, Inc.,* 402 S.W.2d 64, 67 (Mo.App.1966).

■ First, as to appellant's contention that the testimony of her psychiatric witness was disregarded by the Commission and not considered: The basic legal proposition asserted by her is not debatable—that any trier of fact must make his or their decision upon the whole record, must consider all the evidence and may not arbitrarily disregard any evidence in the record. *See Davies v. Carter Carburetor,* 429 S.W.2d 738 (Mo.1968); *Ford v. Bi-State Development Agency,* 677 S.W.2d 899, 903–04 (Mo.App.1984). We are unable to agree with appellant, however, that the administrative law judge (whose findings were adopted in toto by the Commission) disregarded the testimony of the psychiatric witness. He focused upon the testimony and his findings give detailed reasons for according to his conclusions no weight, and for crediting instead the opposing testimony of the employer's psychiatric witness. The weight and credibility of evidence is for the trier of fact, and in this instance if ever we are unable to say that the administrative law judge was wrong.

The claimant's injury occurred as she worked on the assembly line for Ford Motor Company. She was using a sealer gun which was apparently not working normally. She had to squeeze it abnormally hard, causing the injury in question. If the injury did not occur on the first day of her employment by Ford (May 4, 1978), it was within a day or two after that time. She was placed on light duty, but ultimately she underwent a carpal tunnel operation for relief of her symptoms. She was unable to work from September 8 to October 11, 1978. She was discharged on October 26, 1978, for reasons unconnected with the injury.

■ There is no issue here about the nature and extent of the physical injuries. The issue is the psychological damage which claimant says she suffered as a result of the Ford accident, and which is denied by the employer. Claimant's psychiatric witness, whom she consulted for the first time in December, 1978, gave it as his opinion that the Ford accident significantly worsened pathic emotional difficulties from which claimant suffered before the accident, to the point where she was 100 percent disabled at the time he first saw her in December, 1978, and up until the time of his deposition on October 5, 1982. It was his opinion before the Ford accident she had been 25 to 30 percent disabled, and he also opined that she would improve from the 100 percent disability to 60 or 70 percent disability. He had no judgment as to when this improvement would occur. He had administered no psychological testing.

The employer's psychiatrist, on the other hand, found none of the psychological disabilities present at the time of his examinations and the psychological tests which were administered in connection with his interviews of the claimant. He noted the claimant's history of hospitalizations and diagnoses of psychological ailments, but he gave it as his opinion that none of them was related to the Ford accident.

Claimant, as noted above, had a history of mental difficulties which antedated her employment and injury at Ford. She had been hospitalized for one or two months in the Fulton State Hospital in 1976. Later in 1976 her boyfriend with whom she had been living was shot and killed and she was herself kidnapped. In 1977 she was injured in an automobile accident. After her discharge from the hospital for physical injuries sustained in the automobile accident, she was admitted to Martin Luther King Hospital and was diagnosed as having "traumatic neurosis". She was noted to be anxious and agitated, and upset as a result of the accident.

After the Ford employment she was hospitalized three times for emotional difficulties. In none of the records relating to these hospitalizations is the Ford accident of May 1978 mentioned in the various histories, although these histories do take note of the death of her boyfriend, the automobile accident, an "incomplete abortion" in 1980, an adjustment reaction to adult life, and an injury to her back while throwing a ball.

The finding of the administrative law judge that the claimant's psychosis, if any, was not caused by the Ford accident is amply supported by competent and substantial evidence upon the whole record.

In disposing of that fact issue, the claim against the Second Injury Fund is also disposed of. In order to establish her claim, claimant must show that the combination of the previous disability and the current disability was greater than the sum of the two disabilities considered independently. Sec. 287.220, supra; *Bone v. Daniel Hamm Drayage Co.*, 449 S.W.2d 169, 173 (Mo.1970). This is dependent upon proof that some mental illness or some worsening of a pre-existent mental illness was caused by the Ford accident. This contention, as we have shown above, was rejected by the Commission.

The judgment of the trial court is affirmed.

All concur.