Alice A. PATCHIN,
Claimant/Respondent,

v.

NATIONAL SUPER MARKETS, INC.,
Employer/Appellant.

No. 53006.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 20, 1987.

Ann E. Hamilton, Pamela M. Triplett, St. Louis, for employer/appellant.

Mark N. Hyatt, Clayton, for claimant/respondent.

CRIST, Judge.

This is a Workers' Compensation case wherein the employer, National Super Markets, Inc., appeals that part of the Labor & Industrial Relations Commission's award finding claimant, Alice A. Patchin, permanently totally disabled. We affirm.

Claimant injured her back during a fall while working as a grocery checker for employer on February 9, 1982. She was initially treated conservatively, but later was diagnosed as having a lateral protruding invertebral disc at L4–L5. A laminectomy-diskectomy was performed on December 31, 1982. That operation was unsuccessful and a second one was performed on September 18, 1983. The second operation was partially successful, although employee contracted a staph infection for which she was treated.

Employer produced medical evidence from Dr. Francis Walker and Dr. Shale Rifkin. Dr. Walker, a neurosurgeon, was claimant's treating doctor. After her course of treatment was completed, Dr. Walker rated claimant's disability at 35 percent. Aside from the disability rating, Dr. Walker stated claimant had limited body motions and would not improve significantly. Regarding future employment, Dr. Walker stated claimant was unable to do her work as a checker, though some jobs could be *tailored* for her on a part-time basis, providing they did not involve repetitive bending or lifting and consisted primarily of sitting with the ability to stand when necessary.

Dr. Rifkin, a surgeon, rated claimant's disability at 40 percent. He indicated she could presumably do some type of sedentary work, but did not specify what that might be. Dr. Rifkin concurred with the findings of Dr. Walker.

Claimant produced medical evidence from Dr. Grant Izmirlian. Dr. Izmirlian, a family doctor sought for a disability rating, found claimant to be permanently totally disabled. All of the medical evidence was offered without objection and submitted by stipulation.

Employer asserts the Commission's finding that claimant was permanently totally disabled was not supported by competent and substantial evidence and was contrary to the overwhelming weight of the evidence. We disagree.

On an appeal of a Workers' Compensation case, we review the whole record including inferences to be drawn therefrom, in a light most favorable to the award of the Commission. We must uphold the Commission's decision if it is supported by competent and substantial evidence. *Berardino v. General Molding, Inc.*, 586 S.W.2d 365, 366[1] (Mo.App.1979). "The Commission is the sole judge of the credibility of the witnesses and the weight and value of the evidence." *Tyra v. Delta Veterinary Clinic, Inc.*, 687 S.W.2d 931,

934[1] (Mo.App.1985). Medical evidence should be appraised and weighed in its entirety. The Commission's determinations concerning conflicting medical opinions or conclusions are not disturbed on review unless they are against the overwhelming weight of the evidence. *Berardino*, 586 S.W.2d at 366.

The law is well settled that the Commission is not bound by the disability percentages found by the doctors. "The commission may consider all the evidence, including the testimony of the employee, and draw all reasonable inferences in arriving at the percentage of disability." *Blair v. Associated Wholesale Grocers, Inc.*, 593 S.W.2d 650, 655[12] (Mo.App.1980). This determination is a finding of fact within the special province of the Commission. *Id.*

Section 287.020 defines total disability as the "inability to return to any employment and not merely [the] inability to return to the employment in which the employee was engaged at the time of the accident." § 287.020, RSMo 1986. The test for permanent total disability in Missouri is the worker's ability to compete on the open labor market in that it measures the worker's prospects for returning to employment. *Laturno v. Carnahan*, 640 S.W.2d 470, 472–73[3] (Mo.App.1982).

As previously stated, Dr. Izmirlian concluded claimant could not work at any job. Drs. Walker and Rifkin both agreed claimant could not work at her present job and gave extremely limited conditions under which she could work in the future.

In addition to the medical evidence from which the Commission could find claimant was permanently totally disabled, claimant testified that since her fall and resulting surgeries, she had been able to do very little with regard to housework. She stated her husband did the heavy housework, and she needed to lie down frequently during the day because her back hurt. Claimant did not believe she would ever be able to work. "The testimony of the claimant

or other lay witnesses as to facts within the realm of lay understanding can constitute substantial evidence of the nature, cause, and extent of the disability, especially when taken in connection with, or where supported by, some medical evidence." *Ford v. Bi–State Development Co.*, 677 S.W.2d 899, 904[16] (Mo.App.1984).

For all of the above reasons, we find the Commission's decision was supported by competent and substantial evidence and is not contrary to the overwhelming weight of the evidence.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.