James R. MATZKER,
Claimant-Respondent,

v.

ST. JOSEPH MINERALS CORP.,
Employer-Appellant.

No. 53028.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer Denied Nov. 24, 1987.

Joseph H. Mueller, St. Louis, for employer-appellant.

Thomas E. Fitzgibbons, St. Louis, for claimant-respondent.

GARY M. GAERTNER, Presiding Judge.

The employer (St. Joseph Minerals Corp.) appeals from an award by the Missouri Labor and Industrial Relations Commission (Commission) in favor of the employee (Matzker). The Commission, Watkins dissenting, upheld a decision by the Administrative Law Judge (ALJ) finding that Matzker contracted the occupational disease of lead poisoning. Matzker was awarded ten percent permanent partial disability. The sole issue on appeal is whether there was sufficient evidence to establish a permanent partial disability based on a reasonable degree of medical certainty. We affirm.

The evidence reveals that Matzker began working for St. Joseph Minerals Corp. in February 1977 and that he developed complaints of stomach cramps and shortness of breath in December 1977. In 1978, he developed additional complaints of aching joints, nervousness, insomnia, irritability and swelling of the knee. Matzker testified that St. Joseph Minerals Corp. performed periodic serum level tests and removed him from direct exposure whenever a high percentage of lead was in his blood level serum. He stated that he had lost no time from work as a result of any of the above complaints.

St. Joseph Minerals Corp. relied on the deposition of Dr. Davis, who examined Matzker in May 1984 and performed various tests, including a urinalysis, a blood count, an electrocardiogram, X-rays and several tests of pulmonary function. Dr. Davis stated he did not discover any physical findings attributable to lead intoxication or lead absorption, including no finding of a gingival lead line. He concluded, based on a reasonable degree of medical certainty, that Matzker did not suffer from any permanent partial disability.

Matzker presented the deposition of Dr. Brandwin, who examined Matzker in September 1983. Dr. Brandwin said Matzker's examination was normal except for evidence of mild degenerative joint disease and a gingival lead line. Dr. Brandwin offered his opinion that Matzker suffered lead toxicity due to his exposure at St. Joseph Mineral Corp. The transcript then reveals the following exchange:

Q. And, Doctor, to a reasonable degree of medical certainty did you attribute a percentage of permanent partial disability to [Matker's symptoms of lead toxicity]?

A. At that time I felt the patient was somewhat able to work, not totally disabled ... I felt he was about twenty-five percent disabled.

On cross-examination, Dr. Brandwin agreed that he found no disability which he could attribute to lead in the parts of the body he examined. When asked specifically whether the twenty-five percent disability previously mentioned was permanent, Dr. Brandwin stated:

My feeling was that it would be impossible to determine whether the patient's arthritis, whether the patient's numbness, cramps in his hands would or would not get better. Some people undergo acute chronic lead exposure and maintain some neuropathic, neurological difficulties thereafter. Whereas others do have a return to normal functions and I felt that based on the patient's complaints and the length of time of his complaints, I was afraid that his complaints would be more chronic than transient.

On appeal, St. Joseph Minerals Corp. argues that the testimony of Dr. Brandwin did not constitute competent and substantial evidence to establish a permanent partial disability based on a reasonable degree of medical certainty.

■ We initially note the general standard of appellate review in workers' compensation cases. This court will view the record in the light most favorable to the findings and award of the Commission, whose award must be affirmed if it is supported by competent and substantial ev-

idence. We will not substitute our judgment for that of the Commission. *Paddock v. Chrysler Corp.*, 599 S.W.2d 33, 34 (Mo.App., E.D.1980). The judgment of the Commission will only be reversed if it is against the overwhelming weight of the evidence. *Long v. City of Hannibal*, 670 S.W.2d 567, 570 (Mo.App., E.D.1984). However, a broader standard of review is applicable where, as in the present case, the permanency of an employee's disability is at issue. For, the permanency of a disability must be shown with reasonable certainty. *Griggs v. A.B. Chance Co.*, 503 S.W.2d 697, 703 (Mo.App., W.D.1973). And, although absolute certainty is not required, evidence which amounts to no more than conjecture, or shows no more than likelihood or even probability, will not sustain a finding of permanent disability. *Garrison v. U.S. Cartridge Co.*, 197 S.W. 2d 675, 677 (Mo.App., E.D.1946). Nevertheless, no single positive declaration of permanency is required. *Moore v. Carter Carburetor Division ACF Industries, Inc.*, 628 S.W.2d 936, 940 (Mo.App., E.D. 1982). Permanent disability can be inferred from the whole evidence. *Fogelsong v. Banquet Foods Corp.*, 526 S.W.2d 886, 892 (Mo.App., W.D.1975).

■ St. Joseph Minerals Corp. is correct in its assertion that because the occupational disease of lead poisoning falls outside the understanding of laymen, therefore, expert medical testimony is necessary to establish a causal relation between Matzker's occupation and his disability. *Estes v. Noranda Aluminum, Inc.*, 574 S.W.2d 34, 38 (Mo.App., S.D.1978). However, as to the permanency of Matzker's disability, the Commission is not solely dependent upon medical evidence. *Fogelsong*, 526 S.W.2d at 892. Thus, although there was no single positive declaration by Dr. Brandwin that Matzker's disability was permanent, this court finds that the Commission could make an award of permanent disability under the evidence before it based on the nature of the disease, Matzker's testimony and Dr. Brandwin's statements as to the extent of Matzker's disability. *Moore*, 628 S.W.2d at 940.

The judgment of the Commission is affirmed.

REINHARD and CRIST, JJ., concur.