Mary Alice CAUSEY,
Claimant–Appellant,

v.

Ray McCORD, d/b/a McCord's Cream Castle, Employer–Respondent.

No. 16267.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 21, 1989.

Robert A. Dempster, Dempster, Barkett & McClellan, Sikeston, for claimant-appellant.

Kenneth C. McManaman, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, for employer-respondent.

PREWITT, Judge.

Claimant seeks compensation under the Workers' Compensation Law for an occupational disease she contends was contracted at her place of work, McCord's Cream Castle, a restaurant owned by employer Ray McCord. This matter was previously here. *Causey v. McCord*, 763 S.W.2d 155 (Mo. App.1988).

The award of the Labor & Industrial Relations Commission denying compensation to claimant was reversed and the matter remanded for the Commission to "review the evidence for the purpose of determining whether, when applying the proper standard for determining the existence of occupational disease, claimant's condition is compensable." Id. at 157. See on that standard *Jackson v. Risby Pallet and Lumber Co.*, 736 S.W.2d 575, 578 (Mo.App. 1987). See also § 287.067.1, RSMo 1986 (defining "occupational disease").

On remand the Commission entered an award denying compensation to the employee and she appeals. Employee contends that the Commission erred in denying her compensation "for the reason that the only medical testimony clearly showed that this was a compensable injury" and "in not following the Rule laid down in construing the law most favorably to the employee".

The scope of our review in a workers' compensation matter is stated in Mo. Const. art. V., § 18, and § 287.495, RSMo 1986. The latter states in part:

> The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

■ From this statute, the constitutional provision, and their predecessors, certain other principles have developed. Appellate courts review workers' compensation cases in the light most favorable to the award of the Commission and uphold the decision of the Commission if it is supported by competent and substantial evidence. *Page v. Green*, 686 S.W.2d 528, 530 (Mo.App.1985); *Kowalski v. M-G Metals and Sales, Inc.*, 631 S.W.2d 919, 921 (Mo.App.1982).

■ The Commission is charged with the responsibility of passing upon the credibility of witnesses, and it may disbelieve testimony of a witness though no contradictory or impeaching evidence is presented. *Page*, 686 S.W.2d at 530. A Commission's acceptance or rejection of part or all of the witness's testimony cannot be disturbed upon review, unless its acceptance or rejection is against the overwhelming weight of the evidence. *Id.*

■ Claimant is also correct that in interpreting the workers' compensation law courts are to resolve all doubts in favor of the employee. *Page*, 686 S.W.2d at 530; *Kowalski*, 631 S.W.2d at 923. However, here we are not called upon to interpret the law, but to apply a factual situation to it.

■ The Commission, appearing to apply the proper standard, with member Robert L. Fowler dissenting, determined that claimant did not, as she contended, suffer

from bilateral carpal tunnel syndrome which was work related and "that her condition is [not] an incidence of occupational disease." In doing so the Commission rejected the testimony of claimant and her physician and accepted as credible the testimony of a physician presented by the employer. He stated that claimant did not suffer from carpal tunnel syndrome but from another disease unrelated to her employment.

Although we might have reached a different result, whether to believe these witnesses and their credibility was for the Commission. On our limited review the award cannot be changed.

The award of the Labor & Industrial Relations Commission is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.