**Gerald SELLERS,
Respondent/Appellant,**

v.

**TRANS WORLD AIRLINES, INC.,
Appellant/Respondent.**

**No. WD 41525.**

Missouri Court of Appeals,
Western District.

Sept. 26, 1989.

Thomas Clinkenbeard, Kansas City, for appellant/respondent.

Roger J. Staab, Kansas City, for respondent/appellant.

Before CLARK, C.J., and
LOWENSTEIN and BERREY, JJ.

LOWENSTEIN, Judge.

This is a Workers' Compensation case. Both Gerald Sellers, the claimant and Trans World Airlines (TWA), the employer appeal from the decision of the Labor and Industrial Relations Commission which affirmed the decision of the Administrative Law Judge (ALJ). The Commission determined that Sellers had a permanent partial disability in the amount of twenty-five percent of the body which resulted from an occupational disease incurred at work. Section 287.067.1, RSMo 1986. Sellers now seeks an award of permanent total disability while TWA seeks an outright reversal of the Commission's ruling. The reader is advised of the earlier appeal of this claim. In *Sellers v. Trans World Airlines, Inc.,* 752 S.W.2d 413 (Mo.App.1988), this court decided the Commission had erred in determining Sellers' claim had been barred by the one year statute of limitations. The Commission's decision is affirmed.

Respondent-appellant Gerald Sellers worked for Appellant-respondent TWA for twenty-five years until December 15, 1980, when he quit his job due to an impaired ability to breathe and a corresponding inability to perform his work. From 1966 to 1980, Sellers was a lead mechanic for TWA at the Kansas City Municipal Airport, working with and around chemicals, degreasing agents, paint and other materials used to maintain and repair aircraft. In 1975 Sellers began experiencing mild breathing difficulties. From 1978 to 1980 these breathing difficulties became more acute and Sellers occasionally sought medical attention. In May 1980 Sellers went to John Barth, D.O., who treated him and told him not to work for one month. Sellers was then referred to Walter Ross, M.D., a pulmonary physician who also treated him and instructed him not to work. In total, Sellers did not work from June 23, 1980 to November 23, 1980. Sellers then returned

to work for two and one-half days and was unable to continue due to his physicial condition. Sellers applied for disability retirement and after seeing Daniel Schlozman, M.D. in April 1981, it was granted to him by TWA. Currently, Sellers complains of pulmonary difficulties, but does feel better now that he is no longer working for TWA. Further facts will be given *infra* as needed.

The standard of review in a workers' compensation case is limited. When reviewing the Commission's decision, the court must examine the entire record to see if the award is supported by competent and substantial evidence. *Barnes v. Ford Motor Co.*, 708 S.W.2d 198, 199 (Mo.App.1986). All evidence and inferences must be viewed in a light most favorable to the award, and an award will be set aside "only if the findings of the Commission are found to be clearly contrary to the overwhelming weight of the evidence." *Chilton v. General Motors Parts Div.*, 643 S.W.2d 304, 305 (Mo.App.1982) (citations omitted); *Patchin v. National Super Markets, Inc.*, 738 S.W.2d 166, 167 (Mo.App.1987). An appellate court will not substitute its judgment for that of the Commission even if this court would have made a different initial conclusion. *Matzker v. St. Joseph Minerals Corp.*, 740 S.W.2d 362, 363 (Mo.App.1987); *Crum v. Sachs Electric*, 769 S.W.2d 131, 132–133 (Mo.App.1989).

Respondent-appellant Sellers' only point on appeal is that the Commission's finding of permanent disability in the amount of twenty-five (25) percent is against the weight of the evidence. Sellers claims he is permanently and totally disabled.

The definition of total disability is the "inability to return to *any employment* and not merely ... [the] inability to return to the employment in which the employee was engaged at the time of the accident." (Emphasis added). Section 287.020.7, RSMo 1986. "The central question ... is whether any employer in the usual course of business would reasonably be expected to employ the employee in his present physical condition." *Crum, supra*, at 133 (Citation omitted). In the present case, the

Commission heard the testimony of two physicians, Daniel Schlozman and Gerald Kirby, and one vocational expert, John Bopp. Dr. Schlozman testified by deposition that Sellers suffers from occupationally-induced bronchial asthma. He did not render a rating of disability, but stated that Sellers could work in a "clean environment." Dr. Kirby testified that Sellers has bronchial asthma of an unknown origin, and he too did not render a disability rating. Dr. Bopp testified that Sellers is eighty-five percent work disabled due to his physical and vocational impairments. Taking this evidence as a whole, it cannot be said that the Commission's finding was not based on substantial evidence. "The Commission is the sole judge of the credibility of the witnesses and the weight and value of the evidence." *Tyra v. Delta Veterinary Clinic, Inc.*, 687 S.W.2d 931, 934 (Mo. App.1985). Here, the testimony of Dr. Schlozman was given great weight while Dr. Bopp's testimony was given little. The Commission believed that Sellers could in fact work again, albeit only in a clean environment. But this limitation does not make Sellers permanently and totally disabled. The key is that he could work *somewhere,* and there was testimony supporting this fact. In turn, the Commission gave little weight to Dr. Bopp's testimony. This, the Commission had the right to do. *Patchin, supra*, at 167. The findings of the Commission were based upon substantial and competent evidence which is not clearly contrary to the weight of the evidence. It could consider all the evidence and draw all reasonable inferences in arriving at the percentage of disability. *Id.* Point denied.

Appellant-respondent TWA's first point on appeal is there was no substantial and competent evidence to support the finding of an occupationally induced disease. This argument is contradicted by the transcript. Dr. Schlozman's testimony was competent to show that Sellers suffers from occupationally-induced bronchial asthma stemming from and caused by his employment at TWA. This evidence constituted medical proof of causation. *Jackson v.*

*H.D. Lee Company, Inc.*, 772 S.W.2d 742, 745–46 (Mo.App.1989). *See also Estes v. Noranda Aluminum, Inc.*, 574 S.W.2d 34, 37–8 (Mo.App.1978).

TWA's second point is the Commission's finding of twenty-five percent disability is not supported by substantial and competent evidence. The Commission "may consider all the evidence, including the testimony of the employee, and draw all reasonable inferences in arriving at the percentage of disability." *Patchin, supra,* at 167. This is a determination within the special province of the Commission. *Id.* The Commission is also not bound by the percentage estimates of the medical experts, *id., see also, Wiedower v. ACF Industries, Inc.*, 657 S.W.2d 71, 74 (Mo.App. 1983), and is free to find a disability rating higher or lower than that expressed in medical testimony. *Quinlan v. Incarnate Word Hosp.*, 714 S.W.2d 237, 238 (Mo.App. 1986). This is due to the fact that determination of the degree of disability is not solely a medical question. The nature and permanence of the injury is a medical question, however, "the impact of that injury upon the employee's ability to work involves considerations which are not exclusively medical in nature." *Id.*

On these facts, there was medical testimony that Sellers suffers from bronchial asthma. Dr. Schlozman testified that Sellers could only work in a "clean environment," thus showing a limitation on his future employability. There was also testimony from Dr. Bopp stating that Sellers is eighty-five percent work disabled. Even though the Commission gave this testimony little weight, it was still used "to a more limited degree" in arriving at a disability rating. And finally, there was the testimony of Sellers himself concerning his present condition. Based on the evidence, it cannot be said the twenty-five percent rating should be overturned. This point is denied.

The award of the Commission is supported by competent substantial evidence, *Ham v. Sikeston Concrete Products*, 735 S.W.2d 427, 428 (Mo.App.1987), and is affirmed.