Benjamin BORJAS,
Claimant–Respondent,

v.

LANDMARK BUILDERS,
Employer–Appellant.

No. 57504.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 15, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 20, 1990.

Application to Transfer Denied
July 31, 1990.

Richard B. Blanke, University City, for employer-appellant.

John Kessler, St. Louis, for claimant-respondent.

STEPHAN, Judge.

Claimant, Benjamin Borjas, filed a claim for compensation against Landmark Builders with the Division of Workers' Compensation on February 11, 1985, subsequently amended on August 16, 1985. Landmark Builders answered by generally denying claimant's allegation and by specifically stating that it "is not an 'employer'" within the meaning of the Workers' Compensation Law.

A hearing was held before an Administrative Law Judge who determined that the issues before him were jurisdiction (number of employees), liability for temporary total disability, amount of weekly wages and compensation rate, the nature and extent of permanent, partial disability, and liability for medical damages. It was stipulated at this time that Landmark Builders is not a corporation and that the employing entity was Roger Kepner doing business as Landmark Builders.

Claimant was hired to perform roofing work on a structure under renovation. At one point it was necessary for him to leave the roof to get another ladder. When he pulled the ladder from the wall a roofing slate fell and struck his left hand causing a deep cut.

Claimant testified that there were three workers on the roof, Kepner and three others working inside, and three or four others were hauling trash. Claimant did

not know any of the workers not working on the roof. He also indicated that he did not know what the relationship was between Kepner and the other workers.

The employer, Kepner, testified that he only had three employees, the three men working on the roof. Anyone else present was a subcontractor hired for a specific purpose, although no employment records were produced.

The ALJ found that the other people working around the site were Kepner's employees, which made him an employer within the provisions of the Missouri Workers' Compensation Law, § 287.030.1, RSMo. He determined that Kepner owed claimant $5,691.71 for permanent, partial disability.

Kepner appealed to the Labor and Industrial Relations Commission, which held that "even if there was insufficient evidence to establish that the employer had five actual employees, he is still liable under the Workers' Compensation Law because the employees of the subcontractors should be included in determining the application of § 287.030.1(3) RSMo." The Commission also found that the ALJ's computation was erroneous and corrected it. Kepner appeals from the order of the Commission.

Kepner raises three issues on appeal: first, that the Commission erred in holding that statutory employees, as defined by § 287.040, RSMo, should be counted in determining whether an employer has more than five employees pursuant to § 287.030.1 RSMo; second, that the facts found by the Commission do not support the award; third, that there was not sufficient evidence in the record to warrant the award.

We will affirm the Commission's award if it is supported by substantial and competent evidence on the whole record. We may not substitute our judgment upon issues of fact for the judgment of the Commission. *Barnes v. Ford Motor Company,* 708 S.W.2d 198, 199 (Mo.App.1986). We view the evidence and inferences therefrom in a light most favorable to the Commission's award. *Patchin v. National Super Markets, Inc.,* 738 S.W.2d 166, 167 (Mo. App.1987). The Commission is the sole judge of the credibility of witnesses and the weight and value of the evidence. *Id.* In interpreting the workers' compensation law we resolve all doubts in favor of the claimant. *Causey v. McCord,* 774 S.W.2d 898, 899 (Mo.App.1989).

In his first point Kepner argues that the judgment of the Commission was erroneous when it concluded that statutory employees should be counted in determining whether an employer has more than five employees pursuant to § 287.030.1(3), RSMo, which reads:

> The word "employer" as used in this chapter shall be construed to mean:
>
> .        .        .        .        .
>
> (3) Any of the above defined employers must have five or more employees to be deemed an employer for the purposes of this chapter unless election is made to become subject to the provisions of this chapter as provided in subsection 2 of section 287.090.

The question confronting us is whether Kepner, as general contractor of the project, retained more than five employees making him an "employer" pursuant to the law.

Section 287.040 establishes a constructive employment relationship in order to extend coverage of the Act to employers who have work done by contract. *McGuire v. Tenneco, Inc.,* 756 S.W.2d 532, 534 (Mo. banc 1988). One of its purposes is to prevent employers from avoiding liability by hiring independent contractors to perform work their own employees would otherwise perform. *Asberry v. Bannes–Shaughnessy, Inc.,* 734 S.W.2d 250, 252 (Mo.App.1987).

We must decide if statutory employees, as defined by § 287.040, should be counted when we determine if Kepner is an employer pursuant to the Act, thereby protecting Kepner's employees as well as the statutory employees. Our research has failed to divulge any case law on this specific point. The Commission stated in its award that "it would be incongruous for the employer to be liable for the injuries of the employees of his subcontractors, while not also being liable for the injuries sustained by his own

employees." We agree with this construction. Moreover, § 287.040.4 states that "the immediate contractor or subcontractor shall be liable *as an employer of the employees of his subcontractors.*" (emphasis supplied)

The plain meaning of § 287.040.4 indicates then that statutory employees should be counted when determining if an employer comes within the Act pursuant to § 287.030.1(3).

■ This leads us to Kepner's second and third points, both of which assert that the Commission's award is not based on substantial and competent evidence. Specifically, Kepner complains that there was insufficient evidence to determine that there were five employees at the site, even when counting statutory employees.

There was substantial and competent evidence on the whole record to support the Commission's award. Claimant testified that three men were working on the roof, Kepner and three others were inside the structure, and three or four men were hauling trash. Kepner admitted that he was the general contractor, the three men on the roof were his employees and the rest were either subcontractors or employees of subcontractors. If we discount the men inside the structure and count only the men hauling trash we would have five employees. Assuming there were three men hauling trash and one of them was the subcontractor, two were necessarily employees of subcontractors. Added to the three men on the roof there were five employees. The Commission's determination is not against the overwhelming weight of the evidence. Points II and III are, therefore, denied.

■ Claimant also raised a point of error in his brief. He asserts that the Industrial Commission erroneously applied the two hundred day rule rather than the three hundred day rule as contemplated by § 287.250(4), RSMo 1986, in computing the award. He did not, however, file a notice of appeal pursuant to Rule 81.04(b) and cannot now complain of any alleged deficiency. *Crites v. Missouri Dry Dock and Repair Company*, 348 S.W.2d 621, 625 (Mo.App.1961).

The Commission's judgment and award is affirmed.

HAMILTON, P.J., and CARL R. GAERTNER, J., concur.