Thomas J. DOLEN, Appellant,

v.

BANDERA'S CAFE & BAR, Respondent.

No. 58102.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 11, 1990.

Burton A. Librach, Clayton, for appellant.

Dean L. Christianson, St. Louis, for respondent.

CRIST, Judge.

This is a workers' compensation case. The Labor and Industrial Relations Commission awarded no compensation to claimant. We affirm.

Claimant contends the Commission was erroneous because there was not sufficient, competent evidence in the record to warrant the award and the Commission acted without or in excess of its authority and the decision was arbitrary, capricious and without merit. This point does not state wherein and why the Commission erred and is therefore in violation of Rule 84.-14(d). *Thummel v. King*, 570 S.W.2d 679, 685[5] (Mo. banc 1978).

In any event, we have reviewed the record and find the order of the Commission to be supported by competent and substantial evidence on the whole record.

We have viewed the evidence and inferences therefrom in a light most favorable to the decision. *Sellers v. Trans World Airlines, Inc.*, 776 S.W.2d 502, 504[1, 2] (Mo.App.1989). We defer to the Commission's determination of witness credibility. *Hutchinson v. Tri–State Motor Transit*

*Co.*, 721 S.W.2d 158, 161–62[1, 2] (Mo.App. 1986).

Claimant had been employed as a cook and/or restaurant manager in at least three of employer's restaurants in and around the St. Louis area prior to April 16, 1988. He had been employed as a cook at the employer's west county location for one day prior to the April 16, 1988 incident. On this date claimant fell and injured himself for no apparent reason. His wife was a waitress at the restaurant where the accident occurred. She was in the kitchen vicinity when the claimant "collapsed" at about 9 p.m. She saw him fall to the floor, but had no idea what caused him to fall. She saw no accidental occurrence, such as a slip, trip, fall or other traumatic contact. At the time of the incident claimant was working in a cooking line in the kitchen. He stated it had been hot in the kitchen, and he had not felt good for a while. As to the cause of the fall, claimant "supposed he collapsed or was overcome by heat." He was seen by paramedics who were summoned to the scene, but he refused to be taken to the hospital by them, insisting that his wife drive him. Claimant stated he doesn't recall anything from the time prior to the fall until he was in the hospital.

Throughout his testimony he freely admitted alcohol abuse from at least early 1987. He drank only beer, but at a rate of about twelve bottles a day, with occasional "spree" drinking bouts. He stated he had not abused alcohol for three days prior to the April 16, 1988 incident.

Surgery was done and evacuation of an epidural hemotoma was done. He remained in Barnes Hospital until May 10, 1988, at which time he was transferred to St. Mary's Health Center for rehabilitation. He remained at St. Mary's until June 2, 1988, receiving treatment. He was once again hospitalized at St. Mary's on July 9, 1988, because of seizures probably brought about by alcohol abuse and/or alcohol withdrawal. Dr. Simowitz, claimant's medical witness, expressed the opinion claimant's fall was the cause of an episode of syncope for which he could not determine the cause. A syncope he explained simply meant fainting. He opined there was no history in the Barnes Hospital records of a heatstroke or heat induced collapse of the claimant, as claimed by claimant. Employer's medical witness opined that the fall was due to alcohol abuse.

The burden of proof is on claimant to prove not only that an accident occurred but that it resulted in injury. *Griggs v. A.B. Chance Company*, 503 S.W.2d 697, 703[1–5] (Mo.App.1973). The claimant must produce evidence from which it reasonably may be found that such injury resulted from the cause for which the employer would be liable. *Id.* at 704[6]. There was insufficient evidence to show a medical-causal connection between the employment and the accidental injury. *Kinney v. City of St. Louis*, 654 S.W.2d 342, 343–44[3] (Mo.App.1983). This point is denied.

Next claimant complains that the Commission did not set forth findings of fact and conclusions of law. The Commission adopted as its own the findings of fact of the administrative law judge. There is no error in the Commission adopting the administrative law judge's findings where substantial and competent evidence supports the finding. *See Richardson v. Falcon Products, Inc.*, 739 S.W.2d 596, 598[5] (Mo.App.1987). This point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and PUDLOWSKI, J., concur.