**John HUNSPERGER,
Claimant/Respondent,**

v.

**POOLE TRUCK LINES, INC.,
Employer/Appellant.**

**No. 65489.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 18, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 1994.

District Court and an opinion by the Eighth Circuit Court of Appeals. *See* Rule 55.27(a).

Jerome J. Duff, Jerome J. Duff and Thomas R. McDonnell, St. Louis, for employer.

Brown and Crouppen, P.C., Gary J. Sanguinet, St. Louis, for claimant.

KAROHL, Judge.

Employer Poole Truck Lines, Inc., appeals from an award of permanent partial disability to claimant John Hunsperger. In a divided opinion, the Labor and Industrial Relations Commission affirmed the Administrative Law Judge's award of permanent partial disability payments for a back injury. Employer appeals, claiming the Commission erred in finding competent and substantial medical evidence to support the causal connection between the accident and claimant's injury and in finding claimant's testimony was credible. We affirm.

Viewed in the light most favorable to the award, the evidence is as follows. Claimant truck driver sustained a compensable injury on April 6, 1989, while on a trip for employer in Brampton, Canada. Because of rain, claimant stopped to cover the load of steel that he was carrying on his truck. In putting a tarp over the load, claimant slipped and injured his back. He immediately felt severe pain in his low back that radiated down his legs. Claimant received medical treatment for this injury, including surgery in May 1989 for a disc herniation at the L4–5 level. He returned to work in October 1989, with the following restrictions: a 50–pound limitation on lifting and no driving for excessive periods. He had suffered back injuries on five previous occasions but had not reported them to his examining doctors, because he believed them to be healed at the time of the injury on April 6, 1989.

In the first claim of Commission error, employer claims the award is not supported by competent and substantial medical evidence as to the causal connection between the accident and the low back disability. In support of this contention, employer argues claimant's own rating physician testified that

some of the disability that he rated for claimant as resulting from the April 6, 1989 accident may have been due to the five prior low back injuries that claimant concealed from his rating physician.

■ The standard of review in a worker's compensation case is limited. We must review the entire record to determine whether the Commission's award is supported by competent and substantial evidence. *Willis v. Jewish Hospital*, 854 S.W.2d 82, 84 (Mo. App.E.D.1993). All evidence and inferences must be viewed in a light most favorable to the award. *Id.* An appellate court will not substitute its judgment for that of the Commission, even if this court would have made a different initial conclusion. *Id.*

■ The claimant bears the burden of proving an accident occurred and it resulted in injury. *Dolen v. Bandera's Cafe & Bar*, 800 S.W.2d 163, 164 (Mo.App.1990). In addition, a claimant must show a disability resulted from the injury and the extent of such disability. *Smith v. National Lead Co.*, 228 S.W.2d 407, 412–13 (Mo.App.1950). In this case, the parties do not dispute claimant sustained a compensable back injury on April 6, 1989. Claimant presented the testimony of Dr. Berkin, the rating physician, that the disability resulting from the injury was thirty-five percent. This rating is the dispute.

■ Employer seeks to add to claimant's burden of proof by requiring him to present evidence of the extent of his preexisting disability, which employer contends resulted from his five previous injuries, so that such percentage can be evaluated and subtracted from the disability percentage existing after the compensable injury. For this proposition, employer cites *Plaster v. Dayco Corp.*, 760 S.W.2d 911 (Mo.App.1988). Dr. Berkin rated claimant's disability at thirty-five percent after examining him. On cross-examination, employer attempted to impeach Dr. Berkin by questioning him about his knowledge of claimant's previous injuries. The pertinent portion of the testimony is as follows:

Q. Mr. Hunsperger gave you no idea of any of these previous back injuries at all?

A. No.

\* \* \* \* \* \*

Q. Would it have affected the rating in that if you would have known, or could have given an opinion as to what condition his back was in prior to the April 6th 1989 injury, and then he has the April 6th 1989 injury and his back is in this condition now, would there have been a differentiation in the rating?

A. Perhaps.

Q. But in that Mr. Hunsperger didn't inform you of those prior back injuries, your rating which you gave him in this case has no bearing to those?

A. He has a rating of thirty-five percent and *I related it to a particular injury.* Now, *if* he's had previous injuries, *depending* on the seriousness of them, some of that disability *might be* due to that but I don't know. He could have had the injuries and gotten better after a couple of weeks and that was the end of that; or he could have had ongoing problems from these injuries but I don't know. He didn't tell me. (Emphasis added.)

*Plaster* is inapplicable to the case at bar. In *Plaster*, the claimant's own treating physician testified claimant had a "significant" disability before the injury at issue in the case occurred. In the present case, neither claimant nor employer offered evidence that claimant was indeed suffering from a preexisting disability when the injury on April 6, 1989, occurred. At most, Dr. Berkin's testimony reveals that claimant *may* have had a preexisting disability that *might* have influenced his rating of the present injury, *depending on the severity of the preexisting injuries.* His opinion of causation and the present related disability survive as competent and substantial evidence.

Likewise, employer's reliance on *Goleman v. MCI Transporters*, 844 S.W.2d 463 (Mo. App.W.D.1992), and *Griggs v. A.B. Chance Co.*, 503 S.W.2d 697 (Mo.App.1973), is misplaced. In *Goleman*, claimant sustained two work-related injuries to his back: one in 1987 and one in 1988. *Goleman*, 844 S.W.2d at 464. At the time of the hearing for the 1988 injury, his claim for the 1987 injury was still

pending. *Id.* In addition, claimant made and settled a claim against the Second Injury Fund, using the 1987 injury as the basis of his claim. *Id.* at 465. The Commission found this to be evidence of a preexisting disability to claimant's back, continuing to the time of the hearing, thereby requiring evidence of the extent of the preexisting claim. *Id.* The court affirmed, stating that there existed substantial evidence that claimant sustained a permanent injury in 1987 to cause the Commission to require testimony separating the two accidents and injuries. *Id.* at 466.

*Goleman* is not decisive here, because claimant did not have a pending worker's compensation claim on any of his five previous back injuries at the time of the hearing on the April 6, 1989, injury. None of the prior injuries were necessarily permanently disabling. Furthermore, he did not use any of his previous disability as a basis for a claim against the Second Injury Fund, as did the claimant in *Goleman.*

We also find *Griggs* to be inapposite. In *Griggs,* claimant alleged that she sustained a work-related injury to her back. *Griggs,* 503 S.W.2d at 699. However, her rating physician also testified that she had a preexisting degenerative back condition, which was aggravated by the claimed injury. *Id.* at 701. On cross-examination, the following exchange occurred:

> Q. Doctor, insofar as disability is concerned, am I correct to say that any attempts on your part to ascribe all or part of the 25 per cent disability which you have found in this lady's body to the incident of December 30, 1968, would be medical speculation, conjecture and surmise on your part, Sir?
> A. That is correct.

*Id.* at 702. The doctor effectively withdrew the basis for any medical rating on known facts. In the present case, there was no evidence that any of claimant's previous injuries resulted in a permanent preexisting condition. In addition, claimant's rating physician testified that his rating of thirty-five percent disability was ascribed to the April 6, 1989, injury. At most, he testified that his rating *may* have been affected if confronted with different, unknown facts. Such testimony did not cause the rating testimony to rise to the level of speculation, as in *Griggs.* Point denied.

In the second point on appeal, employer claims the Commission erred in finding claimant's testimony was credible. In support of this argument, employer argues claimant destroyed his credibility by not informing or denying five prior back injuries to all treating and rating physicians and by denying the prior injuries while testifying under oath.

The Commission is charged with the responsibility of passing on the credibility of witnesses. *Causey v. McCord,* 774 S.W.2d 898, 899 (Mo.App.1989). A Commission's acceptance or rejection of part or all of the witness' testimony cannot be disturbed on review, unless its acceptance or rejection is against the overwhelming weight of the evidence. *Id.*

In this case, there is evidence that claimant sustained five previous injuries to his back. Claimant testified he did not report them to the rating physicians. However, he explained his conduct. He believed any prior back injuries were healed before April 6, 1989. Claimant testified he remembered only his serious injuries. Claimant did not believe his five previous back injuries were serious, because they were healed. The Commission's acceptance of claimant's testimony that he did not report his five previous back injuries to the physicians because they were healed was properly a matter of credibility, which was resolved by the award. Point denied.

We affirm the award of the Labor and Industrial Relations Commission.

AHRENS, P.J., and SIMON, J., concur.