**Veronika CLEVENGER,
Plaintiff-Appellant,**

v.

**The LABOR AND INDUSTRIAL RELA-TIONS COMMISSION of Missouri and The Division of Employment Security of the State of Missouri and Western Missouri Mental Health Center, Defendants-Respondents.**

**No. WD31011.**

Missouri Court of Appeals,
Western District.

June 9, 1980.

Bruce E. Strauss, Dale K. Irwin, Legal Aid of Western Missouri, Kansas City, for plaintiff-appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for Division of Employment Security of Missouri.

Kevin M. Hare, Jefferson City, for Labor and Industrial Relations Commission of Missouri.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Veronika Clevenger appeals from a judgment of the circuit court affirming a denial of unemployment benefits to her by the Labor and Industrial Relations Commission of Missouri. The issue to be determined is whether the evidence presented to the appeals tribunal demonstrated that Veronika left her job without good cause attributable to her work.

Only Veronika testified before the appeals tribunal. She had been employed at the Western Missouri Mental Health Center, engaged in a variety of social worker type activities. She was involved with a great many mental patients and their fami-

lies, and she testified to the nature of that work in detail. She further asserted that she became nervous and upset, was withdrawn, and became antisocial. This behavior was attributable, in her opinion, to her work. She went to a physician, and she testified, without objection, that he attributed her condition to "situational depression." A one-sentence report from this physician was presented to the appeals tribunal and subsequently presented in the circuit court pursuant to a motion. Assuming without deciding that the physician's report is a part of the record of the administrative hearing, in its entirety (omitting signature and caption) it states: "This is to verify that Ms. Clevenger was treated by me in June, 1977 for situational depression."

The argument presented in this court is that since Veronika did testify that, in her opinion, the condition she was suffering from resulted from her work, the appeals tribunal was bound by that testimony unless the appeals tribunal specifically found that it was not credible. Cited are *Jennings v. Labor and Industrial Relations Comm'n.*, 579 S.W.2d 845 (Mo.App.1979); *Wilson v. Labor and Industrial Relations Comm'n.*, 573 S.W.2d 118 (Mo.App.1978); and *Nelson v. Labor and Industrial Relations Comm'n.*, 594 S.W.2d 356 (Mo.App. 1980).

The circuit judge, in his memorandum deciding the issue, said that regardless of the issue of credibility of Veronika's statement, where the claimant was relying upon a job-induced health condition as good cause for quitting employment, some medical evidence should be adduced to prove the causation between the claimant's mental condition and the employment. *Jennings; Wilson;* and *Nelson.* These cases involve questions of fact. None of them deal with the specific issue in this case which is whether a lay opinion as to cause and effect relationship between the claimed emotional or mental condition and employment can support a finding of fact of causation. It is settled that where a fact finder must determine medical causation that is not within common knowledge or experience, there must be scientific or medical evidence es-

tablishing the cause and effect relationship between the complained-of condition and the asserted cause.

In *Harrison v. Weller*, 423 S.W.2d 226 (Mo.App.1967), the court held that the subjective statements of the injured party were not sufficient to establish a cause and effect relationship between the accident and nerve injuries, brain damage, emotional disturbance, and loss of vision. The following quotation from that case is appropriate here:

> "However, there can be little doubt a question involving *causa causans* of emotional disturbances is a complex one, peculiarly appropriate for science to answer, and a question which no jury should be permitted to resolve in the absence of expert testimony." *Id.* at 230.

There can be no question but that the appeals tribunal is a finder of fact and, aside from any questions of expertise of the administrative agency not here involved, is bound to support all findings by "substantial and competent evidence." It necessarily follows that before an award to Veronika could be sustained, the appeals tribunal would have to have competent medical evidence establishing a cause and effect relationship between her work and her complained of emotional and mental condition.

Veronika had the burden of proof upon this issue and failed to produce any evidence that was substantial and competent on the issue of causation. The denial of benefits was proper since there was no substantial and competent evidence to support an award. The judgment of the circuit court is affirmed.

All concur.