Everett L. NICHOLS,
Employee-Appellant,

v.

FRUIN–COLON CONSTRUCTION
COMPANY,
Employer-Respondent,

and

United States Fidelity & Guaranty
Company, Insurer-Respondent.

No. 12587.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 4, 1982.

---

James E. Hawk, Jr., Hawk & Mattingly, Clayton, for employee-appellant.

Adrian DeYong, Luke & Cunliff, St. Louis, for employer and insurer-respondents.

BILLINGS, Presiding Judge.

Workmen's compensation claim. The Circuit Court of Iron County entered judgment affirming the denial of compensation by the Labor and Industrial Relations Commission. The Commission affirmed the determination of the administrative law judge that claimant's injuries did not arise out of his employment but were the result of an assault by a fellow employee arising out of a personal and private quarrel between them. We affirm.

"It may be well at the outset to observe that, although on judicial review the circuit court was in the first instance, and this court is on appeal, authorized to determine whether, upon the entire record, the Industrial Commission reasonably could have made the findings and award under consideration, this does not mean that either court should substitute its own judgment on the evidence for that of the Commission; but that a reviewing court may set aside the findings and award of the Commission only if they are clearly contrary to the overwhelming weight of the evidence, when the evidence in its entirety, including all legitimate inferences reasonably deducible therefrom, is viewed in the light most favorable to such findings and award." [citations omitted]. *Freeman v. Callow,* 525 S.W.2d 371 at 372 (Mo.App.1975).

The findings of fact made by administrative law judge show that claimant was returning to work from a coffee break when he and the other employee entered into a conversation about an upcoming union election. The two men appeared to be arguing, according to a fellow worker. Claimant stated he did not like the candidate suggested by the employee and there was some discussion about claimant's uncle having been "blackballed" by the union. Claimant told the employee he did not "want no trouble with him on the job" and as claimant turned, the fellow employee pushed him and caused claimant to fall several feet into the bottom of a hopper. It was admitted that claimant's fall resulted in injuries to him.

The hearing examiner found that claimant's injuries did not arise out of his employment; that claimant was the victim of an unprovoked assault because of a "private quarrel between themselves that related to a union election and the circumstances involving [claimant's] relative being fined by the union on another job"; that the assault was not work related insofar as it pertained to claimant's duties with [employer]; further, that the personal nature of the altercation between claimant and his co-worker precluded benefits under the Workmen's Compensation Act.

The compensability of injuries resulting from an assault upon a workman has been fully explored and delineated in numerous appellate decisions of this State and it would serve no useful purpose to reiterate the same in this opinion. *Freeman v. Callow,* supra, decided by this court, sets out what is commonly called the "assault doctrine". A recognized category of assault which is non-compensable in Missouri is one committed in the course of private quarrels that are purely personal to the participants.

We conclude that, upon the record before us, the Industrial Commission reasonably could have found, as it did, that claimant's accident and resulting injuries did not arise *out of* his employment, and that accordingly the judgment of the circuit court affirming the final award of the Commission denying compensation should be and is affirmed.

GREENE, C.J., and FLANIGAN and MAUS, JJ., concur.

HOGAN, J., recused.