**Susan REED, Plaintiff-Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI: and The Division of Employment Security of the State of Missouri; and Interco Incorporated, d/b/a Florsheim Shoe Company, Defendants-Respondents.**

**No. 13016.**

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 30, 1984.

John P. Heisserer, Arnold & Heisserer, Benton, for plaintiff-appellant.

Susan P. Haag and Rick V. Morris, Jefferson City, for Div. of Employment Sec.

Catherine Barrie, Jefferson City, for Labor and Indus. Relations Com'n.

MAUS, Judge.

Appellant's application for unemployment benefits under Chapter 288, RSMo 1978, was denied by a deputy of the Division of Employment Security. The Appeals Tribunal of that agency affirmed that determination on the grounds that appellant quit her job without good cause attributable to her work or to her employer. The appellant contends the adverse effect of her employment upon her health established good cause. The Labor and Industrial Relations Commission denied appellant's application for review. The decision of the Appeals Tribunal was affirmed by the Circuit Court of Scott County. This appeal followed.

■ Absent any question of law, judicial review of proceedings on a claim for unemployment compensation benefits is limited to determining whether upon the whole record the decision is supported by competent and substantial evidence and whether the Appeals Tribunal could reasonably have made its findings and reached its result. *Division of Employment Security v. Labor and Industrial Relations Commission,* 617 S.W.2d 620 (Mo.App.1981); *LaPlante v. Industrial Commission,* 367 S.W.2d 24 (Mo.App.1963). The courts are to consider the evidence in the light most favorable to the findings along with all reasonable inferences therefrom and may not set aside the ruling unless it is contrary to the overwhelming weight of the evidence. *Division of Employment Security v. Labor and Industrial Relations Commission,* supra; *Meyer v. Industrial Commission of Missouri,* 240 Mo.App. 1022, 223 S.W.2d 835 (1949). Where the findings and result are supported by competent and substantial evidence, the decision should be affirmed. *Union-May-Stern Company v. Industrial Commission,* 273 S.W.2d 766 (Mo.App.1954).

Appellant was employed for nine months by Florsheim Shoe Company as a shoe conditioner. A shoe conditioner wipes a chemical on the shoes with a sponge. Appellant claims that beginning in February of 1981, her supervisor subjected her to a course of harassment which adversely affected her mental and emotional well-being. Her evidence of this alleged harassment consisted of the following. She was told to go back to work after her lunch hour and to help other employees when she had no work to do. She was passed over for a better job even though she had more seniority than the person ultimately hired. She was singled out for enforcement of work rules. The supervisor was indifferent to her personal problems. The supervisor denied the appellant was harassed or singled out for any special treatment. Appellant voluntarily quit her job on August 18, 1981.

■ A worker who has left his employment voluntarily without good cause attributable to his work or to his employer is disqualified from unemployment compensation benefits. § 288.050.1(1); *Contractors Supply v. Labor and Indus., Etc.,* 614 S.W.2d 563 (Mo.App.1981). Good cause for voluntary unemployment is "limited to instances where the unemployment is caused by external pressures so compelling that a reasonably prudent person would be justified in giving up employment." *Citizens Bank of Shelbyville v. Industrial Com'n,* 428 S.W.2d 895, 899 (Mo.App.1968); *Chrysler Corp. v. Div. of Employment Sec.,* 628 S.W.2d 359 (Mo.App.1981).

■ According to appellant, the harassment inflicted by her supervisor caused her to suffer depression and anxiety. She claims this constituted good cause to quit her job. In order to establish medical causation that is not within common knowledge or experience there must be scientific or medical evidence establishing the cause and effect relationship between the complained of condition and that asserted cause. *Clevenger v. Labor & Indus. Relations Com'n,* 600 S.W.2d 675 (Mo.App.1980).

■ At the hearing before the Appeals Tribunal, appellant produced affidavits from her physician and social worker. These affidavits constituted hearsay evi-

dence but no objection to the affidavits was raised at the hearing. Unobjected to hearsay evidence may be considered as competent and substantial evidence in an administrative proceeding. *Mark Twain Homes v. Labor and Indus. Relations,* 616 S.W.2d 145 (Mo.App.1981). They will be so considered by this court.

However, the affidavits contained mere conclusions and statements of opinion that the appellant suffered depression and anxiety due to alleged harassment inflicted by her supervisor. There was no evidence what the appellant reported to the physician and social worker as harassment. There was no medical or scientific evidence establishing the cause and effect relationship between the actual conditions of employment and appellant's anxiety and depression. The affidavits do not constitute competent and substantial medical evidence of the necessary relationship between those conditions and the appellant's voluntary unemployment. *Chrysler Corp. v. Div. of Employment Sec.,* supra; *Clevenger v. Labor & Indus. Relations,* supra.

This insufficiency of evidence is emphasized by the fact the incidences of harassment alleged by the appellant were properly characterized as *de minimis* by the Appeals Tribunal. "The standard as to what constitutes good cause is the standard of reasonableness as applied to the average man or woman, and not to the supersensitive." *Belle St. Bank v. Ind. Com'n Div. of Emp. Sec.,* 547 S.W.2d 841, 846–847 (Mo. App.1977). There is no evidence the harassment asserted by the appellant attributable to her work amounted to external pressures so compelling that a reasonably prudent person would be justified in giving up employment. *Citizens Bank of Shelbyville v. Industrial Com'n,* supra.

The findings of the Appeals Tribunal are supported by competent and substantial evidence and are therefore conclusive. § 288.210. A contrary result would not have been so supported. The judgment is affirmed.

CROW, P.J., GREENE, C.J., and FLANIGAN and PREWITT, JJ., concur.