Jeffrey LUSTER, Claimant/Appellant,

v.

INDUSTRIAL ENGINEERING AND
EQUIPMENT COMPANY,
Respondent/Employer.

No. 52894.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 2, 1988.

Application to Transfer Denied
April 19, 1988.

Harry James Nichols, St. Louis, for claimant/appellant.

Gilbert D. Connor, St. Louis, for respondent/employer.

GARY M. GAERTNER, Presiding Judge.

Claimant Jeffrey Luster had been employed by Industrial Engineering and Equipment (employer) as a spot welder for approximately two years at the time of the alleged accident. Claimant worked daily in close proximity to William Armstrong, another spot welder. Claimant and Armstrong would often argue about various topics such as sports and girls. On the date of the alleged accident, claimant and Armstrong argued about a footrace they had run on the parking lot, an upcoming boxing match and girls at the plant. Claimant had completed his work and was leaving employer's building when Armstrong grabbed claimant by the jacket and started cursing at him. Armstrong then stabbed claimant in the stomach. Armstrong next grabbed claimant by the hair and held the knife to his neck before releasing him. Armstrong eventually pled guilty to felonious assault and employer discharged both claimant and Armstrong for fighting.

Claimant filed a workers' compensation claim for injuries sustained in the alleged accident. The Administrative Law Judge (ALJ) found that the assault and stabbing were the result of personal quarrels that had gone on between the two employees while they were working. The ALJ found that the "accident" was unconnected with work and did not arise out of or in the course of claimant's employment. The ALJ denied benefits under the Missouri Workers' Compensation Act. The Labor and Industrial Relations Commission affirmed the award. Claimant appeals.

The issue on appeal to this court is whether the Commission's award was supported by competent and substantial evi-

dence. *Dillard v. City of St. Louis,* 685 S.W.2d 918, 920–21 (Mo.App., E.D.1984). The evidence and all legitimate inferences must be viewed in the light most favorable to the award. *Id.* at 921. Claimant argues that there was insufficient evidence to support the Commission's finding that the assault on claimant was the result of personal quarrels and unconnected with work, and that the assault did not arise out of the course of claimant's employment. More specifically, claimant maintains that the assault was unprovoked and of neutral origin, and therefore compensible under the Missouri Workers' Compensation Act. RSMo § 287.120.1 (1986).

Section 287.120.1 provides that injury caused by unprovoked violence or assault against an employee by any person constitutes an accident compensible under the Act. RSMo § 287.120.1 (1986). Thus, if the assault on claimant were unprovoked[1] and of neutral origin[2] within the meaning of § 287.120.1, then the assault on claimant would have been a compensible accident. But where an assault arises from a personal quarrel, the assault does not constitute an accident envisioned by the statute. *See Person v. Scullin Steel,* 523 S.W.2d 801, 806 (Mo. banc 1975); *Nichols v. Fruin–Colon Constr.,* 641 S.W.2d 149, 151 (Mo.App., S.D.1982).

On appeal, claimant characterizes his arguments with Armstrong as "casual discussions" and "petty disagreements." The Commission had before it the testimony of claimant wherein he variously referred to the arguments as arguments, discussions and conversations. Further, claimant denied provoking Armstrong in any way. But we will not substitute our evaluation of the evidence for that of the Commission. Rather, we will only reverse if the Commission's award is against the overwhelming weight of the evidence. *Nichols,* 641 S.W.2d at 150. Claimant's testimony, viewed in the light most favorable to the award, constitutes sufficient evidence to support the Commission's award.

Finding no error, the award of the Industrial and Labor Relations Commission is affirmed.

REINHARD and CRIST, JJ., concur.

---

**1.** Claimant makes much of the fact that in claimant's unemployment compensation hearing the Commission previously found that "claimant did nothing to start the fight between himself and the co-worker." We do not believe that this previous finding precludes the Commission from later finding that the assault arose from a personal quarrel and was not "unprovoked" within the meaning of RSMo § 287.120.1 (1986).

**2.** For examples of unexplained assaults of neutral origin see *Zahn v. Associated Dry Goods,* 655 S.W.2d 769 (Mo.App., E.D.1983) and *Allen v. Dorothy's Laundry & Dry Cleaning,* 523 S.W.2d 874 (Mo.App., W.D.1975).