**Marva DILLON, Appellant,**

v.

**GENERAL MOTORS, Respondent.**

**No. 57289.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 27, 1990.

---

ee and two co-workers, Jeannie Stone and Calvin Eutz, began engaging in conversation. Jeannie Stone attempted to involve another co-worker, Jeff Collins, into the conversation by calling him a "grunt." Jeff Collins said something to Employee, which she did not hear. Employee asked him to repeat his comment, whereupon he stated that Employee had heard him. Jeff Collins then brushed Employee's hair with his hand. Employee asked him "not to put his hands on my hair, told him to keep his hands off me period." Employee then said something about Jeff Collins being "anti-social" and turned to return to her work station. Thereupon, Jeff Collins kicked Employee in her lower back area.

Employee filed a claim for compensation. At the hearing on this matter, the Administrative Law Judge (ALJ) denied compensation stating that the injury arose out of a personal quarrel and was not in the course and scope of employment. The Commission upheld the ALJ's order, finding it supported by competent and substantial evidence.

Appellate review of a workers' compensation case is limited to reviewing the decision of the Commission, rather than that of the ALJ. *Richardson v. Falcon Products, Inc.*, 739 S.W.2d 596, 597[1] (Mo. App.1987). The Commission's decision will be affirmed if, upon review of the entire record, it is supported by competent and substantial evidence. *Sellers v. Trans World Airlines, Inc.*, 776 S.W.2d 502, 504[1, 2] (Mo.App.1989). To that end, all evidence and inferences therefrom shall be viewed in the light most favorable to the decision. *Id.* Conflicts in the evidence are for the Commission to resolve, and we shall disregard any evidence which may support a different conclusion from that reached by the Commission. *Hutchinson v. Tri–State Motor Transit Co.*, 721 S.W.2d 158, 161[1, 2] (Mo.App.1986). We defer to the Commission's determination of witness credibility, who may disbelieve the testimony of a witness even if no contradictory or impeaching evidence appears. *Id.* at 161–2[1, 2]. The decision will be reversed only if there is no competent and substantial evi-

Brown and Crouppen, Ronald A. Caimi, St. Louis, for appellant.

William Roussin, Harlan and Harlan, Daniel J. Harlan, St. Louis, for respondent.

SIMON, Chief Judge.

Employee, Marva Dillon, appeals from an order of the Labor and Industrial Relations Commission (Commission) in favor of her employer, General Motors Corporation, denying her compensation. On appeal, Employee contends that the Commission erred in finding that her injury arose from a personal quarrel, where the evidence clearly demonstrated Employee to have been "an innocent victim" of her co-worker's irrational acts.

On August 30, 1985, Employee was working on the assembly line at the General Motors Corporation plant in Wentzville, Missouri. General Motors Corporation operates under the provisions of the Missouri Workers' Compensation Law. The assembly line stopped in the afternoon. Employ-

dence to support it, or if the findings of the Commission clearly are contrary to the overwhelming weight of the evidence. *Id.* at 161[1, 2]. With these tenents in mind, we now turn to Employee's sole point on appeal.

Employee argues that the Commission erred in finding that the injury to her lower back arose from a personal quarrel, where the evidence clearly demonstrated Employee to have been "an innocent victim" of her co-worker's intentional acts. Specifically, Employee claims that the assault on her was unprovoked and of neutral origin and therefore compensable under the Missouri Workers' Compensation Act. § 287.120.1 RSMo 1978.

As we stated in *Luster v. Industrial Engineering and Equipment Company,* 747 S.W.2d 228, 229[1] (Mo.App.1988) (citations and footnotes omitted):

Section 287.120.1 provides that injury caused by unprovoked violence or assault against an employee by any person constitutes an accident compensible [sic] under the Act. Thus, if the assault on claimant were unprovoked and of neutral origin within the meaning of § 287.120.1, then the assault on claimant would have been a compensible [sic] accident. But where an assault arises from a personal quarrel, the assault does not constitute an accident envisioned by the statute.

Here, the evidence indicates that the assault arose from a personal quarrel, and hence is noncompensable under the Missouri Workers' Compensation Act. We conclude that the Commission's decision is supported by competent and substantial evidence and clearly is not against the overwhelming weight of the evidence.

Judgment affirmed.

DOWD, P.J., and SIMEONE, Senior Judge, concur.