**Selma S. BRUNDIGE, Appellant,**

v.

**BOEHRINGER INGELHEIM,**
**Respondent.**

**No. WD 44117.**

Missouri Court of Appeals,
Western District.

June 25, 1991.

Denise A. Bartles, St. Joseph, for appellant.

Robert E. Douglass, Daniel F. Kellogg, St. Joseph, for respondent.

Before BERREY, P.J., BRECKENRIDGE, J., and SHRUM, Special Judge.

BERREY, Judge.

Appellant, Selma S. Brundige, appeals from a final award of the Labor and Industrial Relations Commission, which affirmed an Administrative Law Judge's denial of compensation of her workers' compensation claim. Affirmed.

Appellant worked at Boehringer Ingelheim Animal Health for nearly twenty-two years. On January 24, 1988, she fell from a ladder at her home, fracturing her right wrist. She has not worked since the accident. The day after the fall, Dr. Joseph L. Fisher x-rayed appellant's right wrist, concluding that she had a mildly comminuted slightly impacted fracture of the right distal radius.

In April 1988, appellant's family physician, Dr. Richard Maginn, referred her to a Dr. Richard Brennan who examined her and formed the opinion that she had "reflex sympathetic dystrophy." Appellant was also examined by Dr. Joseph J. Woehl who concluded that appellant had carpal tunnel syndrome relative to her right wrist. In May of that same year, Dr. Brennan operated on appellant, performing a "right carpal tunnel release." A follow up examination was performed and Dr. Brennan informed appellant that she had a reflex sympathetic dystrophy, which, in his opinion, was "a complication of the surgery."

On August 16, 1988, appellant was referred to Dr. William Benson, who examined her concluding, "Unfurotunately [sic] this woman has developed a reflex dystrophy syndrome primarily her right hand and wrist. This all came on after a fractured radius which necessitated a right carpal tunnel release...."

In April 1988, appellant was also examined by Dr. Michael DePriest. Responding to a hypothetical question based upon appellant's medical history and employment, Dr. DePriest opined that the carpal tunnel syndrome relative to appellant's right hand "was due to the fracture."

Appellant's claim for Workers' Compensation benefits was heard on February 24, 1989. Various medical records and a deposition by Dr. DePriest were offered by the employer and admitted into evidence. Dr. Maginn testified for appellant. His testimony, based upon a hypothetical was as follows:

Q. I'm going to give you a hypothetical. If a patient came to you and had the signs of carpal tunnel syndrome and had carpal tunnel syndrome and if they told you that they had been engaged during the past twenty years in work which required the repetitive use of their wrists, in that, they're taking stoppers out of jars, untwisting rubber bands, putting bottles on shelves and taking then down approximately eight hours a day, forty hours a week, would you draw any conclusion as to what could be the cause of that carpal tunnel syndrome?

A. I should think repetitive action would put strain on the wrists, the tendons and nerves.

The ALJ denied appellant's claim for compensation. After timely appeal, the Labor and Industrial Relations Commission affirmed the decision of the ALJ.

Appellant contends that the Commission erred in denying compensation. Her point on appeal, hardly a model of brevity as mandated by Rule 84.04(d), as respondent points out, seems to state that the Commission erred in applying the law by its failure to resolve all doubts in favor of appellant. *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983).

 Appellate review examines the decision of the Commission rather than that of the ALJ. *Richardson v. Falcon Products, Inc.,* 739 S.W.2d 596 (Mo.App.1987). The decision will be affirmed if it is supported by substantial and competent evidence upon the whole record. *Dillon v. General Motors,* 784 S.W.2d 915 (Mo.App. 1990). Evidence which would support findings different than those found by the Commission must be discarded. *McFar-*

*land v. Bollinger*, 792 S.W.2d 903 (Mo.App. 1990). Credibility of witnesses is to be determined by the Commission; we defer to this determination even if no contradictory or impeaching evidence appears. *Dillon v. General Motors, supra,* 784 S.W.2d at 916.

 Medical causation, not within common knowledge or experience, must be established by scientific or medical evidence showing the cause and effect relationship between the complained of condition and the asserted cause. *Reed v. Labor and Industrial Relations Commission,* 664 S.W.2d 650 (Mo.App.1984). The record in the instant case overwhelmingly supports the proposition that appellant's carpal tunnel syndrome resulted from the fall which fractured her wrist. The only evidence appellant can even remotely rely upon for her assertion that the repetitive nature of the actions she performed in her job caused the condition was the answer to the hypothetical posed to Dr. Maginn. Dr. Maginn, however, never did testify that appellant's condition resulted from her work. "A claimant's medical expert must establish the probability that the disease was caused by conditions in the work place." *Sheehan v. Springfield Seed & Floral, Inc.,* 733 S.W.2d 795, 797 (Mo.App. 1987). This, appellant did not do. The judgment is affirmed.

All concur.