Ronald L. PEMBERTON, Appellant,

v.

3M COMPANY, Respondent.

No. WD 56018.

Missouri Court of Appeals, Western District.

May 25, 1999.

curred in connection with his hernia mesh repair surgery in 1994. In two related points, the claimant disputes the commission's determination that he failed to meet his burden of proof.

In November 1991, Mr. Pemberton suffered a hernia while working for the 3M Company. He subsequently sought an award for temporary total disability benefits, medical expenses, and interest on unpaid medical bills for his 1991 hernia injury. The administrative law judge entered an award in favor of Mr. Pemberton for all compensation except interest on the medical bills incurred as a result of the 1991 incident, and the medical bills that he incurred as a result of the 1994 hernia mesh repair surgery. With respect to the interest on the 1991 medical bills, the ALJ determined that Mr. Pemberton did not sustain his burden of proof that the bills were due. Regarding the 1994 bills, the ALJ concluded that Pemberton had failed to prove a causal connection between his 1994 hernia repair and the 1991 accident. The ALJ reasoned that a recurrence of a hernia, two-and-one-half years subsequent to the work-related accident, is not necessarily caused by the same work-related accident. The ALJ noted that this is especially true "where [the physician's] records contain multiple reports of additional pain subsequent to specific incidents of lifting at work." The Labor and Industrial Relations Commission affirmed the ALJ's decision, and Pemberton appeals the denial of both claims.

---

Daniel Pingelton, Columbia, for appellant.

Roland Walker, Columbia, for respondent.

HANNA, Judge.

The claimant, Ronald Pemberton, appeals from that part of the Labor and Industrial Relations Commission's decision denying his claims for interest on unpaid medical bills resulting from his 1991 hernia, and for medical expenses that he in-

■ In *Davis v. Research Med. Ctr.*, this court summarized the two-step review process for an award made by the commission in workers' compensation decisions. 903 S.W.2d 557, 570 (Mo.App.1995). First, an appellate court must determine whether the whole record, viewed in the light most favorable to the decision, contains sufficient competent and substantial evidence to support the commission's decision. *Id.* If the court finds that it does, the second step requires that the court make a deter-

mination as to whether the decision is against the overwhelming weight of the evidence. *Id.* In this second step, all of the evidence in the record is considered, including evidence not favorable to the decision. *Id.* We do not defer to the commission on decisions that are interpretations or applications of law. *West v. Posten Constr. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991). In cases where the commission adopts the findings and award of the ALJ before whom the witnesses testified, the resulting consistency as to credibility determinations is a strong reason to uphold the award on appeal. *Davis*, 903 S.W.2d at 571.

■ In his first point on appeal, Pemberton contends that the commission erred in determining that he was not entitled to prejudgment interest on his 1991 medical expenses. In *McCormack v. Stewart Enterprises, Inc.*, this court determined that whether an employee is entitled to prejudgment interest on medical expenses is governed by § 408.020, RSMo 1994.[1] 956 S.W.2d 310, 315 (Mo.App.1997). Under § 408.020, three requirements must be met before prejudgment interest is awarded. *Id.* at 314–15.[2] A claimant must establish that his medical expenses are due, that the amount of his medical expenses are readily ascertainable, and that he made a demand on his employer to pay the medical expenses. *Id.*

■ The parties are in agreement that Pemberton made a demand on his employer for payment of his medical expenses, and that the amount of his medical expenses are readily ascertainable. Therefore, the only question before the commission was whether Pemberton

proved that his medical expenses "were due." A claimant may prove that his medical expenses were due by showing that he actually paid his medical expenses, that interest was being charged on his medical expenses, or that he suffered a loss as a result of the delay in payment. *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105, 108 (Mo. banc 1989); *McCormack*, 956 S.W.2d at 315.

Mr. Pemberton contends that he proved that his medical expenses were due by showing that his credit rating was damaged. His proof on this issue consisted of his testimony that, as of the July 10, 1997 hearing, certain collection agencies were requesting payment of his 1991 medical bills. He also submitted copies of his past due medical bills, but they did not indicate that either interest or late fees were being charged. He did not provide a copy of his credit report into evidence, nor did he testify that his credit had in fact been damaged.

Based on this evidence, the commission found:

> Claimant failed to show that the 1991 medical expenses were "due" as required by *McCormack*. Claimant testified that he personally paid some of the claimed 1991 medical expenses. Claimant failed, however, to specify which of those medical expenses he has paid, and there is no competent and substantial evidence in the record from which the Commission can make a determination. None of the medical bills indicate that any of the providers charged claimant interest on the outstanding balances. Finally, while claimant testified that he is contacted every month about the out-

---

1. All statutory references are to Missouri Revised Statutes 1994 unless otherwise noted.

2. Notwithstanding the result reached in McCormick, the general interest statute does not fit comfortably with the facts in a workers' compensation case. For instance, we fail to see how a claimant in a workers' compensation case may establish that he is entitled to prejudgment interest by proving that he suf-

fered a loss from the delay in payment. The 'suffered a loss' statement was originally taken from *dicta* in Martin v. Mid–America Farm Lines, Inc., 769 S.W.2d 105, 108 (Mo. banc 1989) and adopted in *McCormack*, 956 S.W.2d at 315, without explanation in either case. It tends to confuse the issue. At oral argument, the parties were unable to explain the loss required to satisfy this element.

standing balances, he offered no evidence that he has suffered a loss by the delay in payment. Since claimant did not show that the 1991 medical expenses were "due," his claim for interest on those expenses fails.

Whether Pemberton's past due medical bills were incurring interest was a question of proof that would have been relatively easy to satisfy. Here, however, the claimant did not show that his medical expenses were incurring interest, that he paid the bills, or that he suffered a loss as a result of the delay in payment. As such, the commission's determination that Pemberton failed to meet his burden of proof is supported by substantial and competent evidence.

Next, Pemberton maintains that *McCormack* should be expanded to allow him to prove that his medical expenses were "due" by way of the phrases "Payable Upon Receipt" and "Amount Due" noted on his medical bills. Although the medical bills do not explicitly state that interest is due, Pemberton contends that he is entitled to compensation for interest because the medical providers are fully capable of utilizing § 408.020 to collect the balance due with interest. Section 408.020 states in relevant part:

Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon ... on accounts after they become due and demand of payment is made ...

*Id.*

The issue here involves Pemberton's failure to prove that interest had been or was being charged. If Pemberton had shown that he had paid his medical bills or shown that interest was being charged on the medical bills, he would be compensated for that interest. Because proof of interest paid or interest charged is a simple matter of proof, and Pemberton did not sustain his burden of proving that interest had been or was being charged, we are not persuaded that an explanation of the

means of proof is necessary or appropriate. Point denied.

■ The commission further held that Mr. Pemberton did not meet his burden of proving that his 1994 mesh repair was caused by the original incident in 1991. Mr. Pemberton maintains, in his second point on appeal, that the commission erred in that determination. A work-related hernia is governed by § 287.195, which requires proof that: (1) there was an accident or unusual strain; (2) that the accident resulted in a hernia; and (3) that the hernia did not exist prior to the accident or unusual strain.

The parties agree that Mr. Pemberton suffered a work-related hernia in November 1991, after lifting a tub of resin grind. The employer agrees that Mr. Pemberton is entitled to compensation for medical expenses related to the 1991 hernia injury. The question, as framed by the parties and determined by the commission, is whether there is competent evidence supporting the commission's determination that Mr. Pemberton failed to establish a causal connection between his 1994 hernia repair surgery and the November 1991 accident.

■ A claimant bears the burden of establishing a causal connection between the alleged accident and his injury. *Smith v. Climate Eng'g*, 939 S.W.2d 429, 434–35 (Mo.App.1996); *Eimer v. Board of Police Comm'rs of K.C.*, 895 S.W.2d 117, 121 (Mo. App.1995). Mr. Pemberton contends that the 1994 procedure was just a continuation of the 1991 repair. His proof consisted of his testimony and Dr. Gurucharri's written notes. No other expert testimony was offered.

■ Expert medical testimony is not necessary to establish the cause of an injury if causation is a matter within the understanding of lay persons. *Silman v. William Montgomery & Assoc.*, 891 S.W.2d 173, 175 (Mo.App.1995). *See also Knipp v. Nordyne, Inc.*, 969 S.W.2d 236, 240 (Mo.App.1998). However, an injury may be of such a nature that expert opin-

ion is essential to show that it was caused by the accident to which it is ascribed. *Knipp v. Nordyne, Inc.,* 969 S.W.2d 236, 238 (Mo.App.1998). In *Knipp,* the court concluded:

> When the condition presented is a sophisticated injury that requires surgical intervention or other highly scientific technique for diagnosis, and particularly where there is a serious question of pre-existing disability and its extent, the proof of causation is not within the realm of lay understanding nor—in the absence of expert opinion—is the finding of causation within the competency of the administrative tribunal.

*Id. See also Silman,* 891 S.W.2d at 175–76; *Brundige v. Boehringer Ingelheim,* 812 S.W.2d 200, 202 (Mo.App.1991).

At the hearing, Mr. Pemberton testified that following the December 1991 hernia operation, he was treated by Dr. Gurucharri and then returned to work in January 1992 to full duties. He testified that he noticed groin tenderness from time to time after returning to work. Sometime in 1992, Mr. Pemberton's hernia began bothering him again so he went to see Dr. Gurucharri on May 14, 1992. During that visit, Dr. Gurucharri made a written note that the claimant was complaining of right groin pain subsequent to lifting 50 pounds at work. Dr. Gurucharri further wrote that there was no recurrence of the hernia. On August 9, 1994, Mr. Pemberton again went to see Dr. Gurucharri complaining of groin tenderness. Dr. Gurucharri noted that Pemberton:

> [D]eveloped a reoccurrence of his right inguinal hernia in the first part of June when he was lifting something heavy. He has had aching sensations since that time and it is bothering him worse and worse. I will plan on doing a laparoscopic mesh repair on August 25, 1994, at Boone Hospital Center and keep him overnight.

After reviewing the record, including Dr. Gurucharri's office records, the commission concluded that the claimant had failed to establish that the 1994 hernia surgery was caused by the 1991 work-related hernia. Specifically, the commission found:

> [T]here was inadequate proof that the August 25, 1994 bills resulted from the November 15, 1991 accident and injury. A recurrence of a hernia two and one-half years subsequent to the work-related accident and injury is not necessarily caused by the work-related accident and injury, especially where Dr. Gurucharri's records contain multiple reports of additional pain subsequent to specific incidents of lifting at work.

■ The causal connection between the injury and accident was not such as could be determined by a lay person. An inguinal hernia is a sophisticated injury that generally requires expert medical testimony to prove the causal connection to the accident. The testimony, including the claimant's testimony and the doctor's office notes, did not establish a causal connection satisfactory to the commission. Accordingly, the point is denied.

Affirmed.

SMART, P.J., and LAURA DENVIR STITH, J., concur.