Paul STRAHL, Claimant–Appellant,

v.

TRANSPORTATION SECURITY
ADMINISTRATION, Employer–
Respondent,

and

Division of Employment Security,
Respondent.

No. SD 29639.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 23, 2007.

Emory Melton, Melton & Herrin, P.C., Cassville, MO, for appellant.

Shelly A. Kintzel and Michael Pritchett, Missouri Department of Labor and Industrial Relations, Division of Employment Security, Jefferson City, MO, for respondent Missouri Dept. of Labor and Industrial Relations.

GARY W. LYNCH, Presiding Judge.

Appellant Paul Strahl ("Claimant") appeals the decision of the Labor and Indus-

trial Relations Commission ("Commission") denying his claim for unemployment benefits. He claims, among other things, that the Commission erred in denying his claim because he failed to present any "scientific or medical evidence that [his] work either caused the medical condition which required his resignation or aggravated such condition." We agree and reverse and remand.

Claimant was employed by the Transportation Security Administration ("Employer") from September 19, 2004, through September 20, 2007. During his employment, Claimant was responsible for doing airport screenings, which required him to lift more than twenty pounds. Claimant's last day of work for Employer was in March 2007.

In March 2007, Claimant had pneumonia, and his family physician requested that Claimant not go back to work because he needed to build his immune system prior to his back surgery the following month. Claimant had back surgery on April 19, 2007, to help correct his spinal stinosis. On September 10, 2007, Claimant's doctor placed him on a permanent medical restriction which did not allow him to lift more than twenty pounds. Claimant believed he was able to return to work, but he could no longer carry out the duties he had previously performed for Employer. Claimant resigned from work with Employer on September 20, 2007.

Claimant applied to the Division of Employment Security ("Division") for unemployment benefits on November 2, 2007. The Division's deputy determined that Claimant was disqualified from benefits because he left work with Employer voluntarily without good cause attributable to his work or employer. The deputy reasoned that Claimant was disqualified because he quit based on health problems, which was a personal reason for leaving.

Following a hearing at which Employer's representative and Claimant testified, the Appeals Tribunal ("Tribunal"), on October 29, 2008, affirmed the deputy's determination, finding that Claimant had provided no evidence to show that his medical condition was aggravated or caused by his employment. Claimant never received an opinion from his doctor about whether his employment had caused or aggravated his condition, and he never moved to admit medical documentation at the hearing.

The Tribunal's conclusions of law were as follows:

The claimant voluntarily left work on September 20, 2007. The issue is whether the claimant quit work with good cause attributable to his work or employer.

"Work causing an aggravation of an existing condition, or work that was a contributing factor to the illness is also encompassed within the meaning of the clause 'attributable to his work or to his employer,' *the only requirement being that there exist a causal connection between the work and the aggravation of, or contribution to, the disability.*" *Bussmann Mfg. Co. v. Industrial Commission of Mo.*, 327 S.W.2d 487, 491 (Mo.App.1959). "It is settled that where a fact finder must determine medical causation that is not within common knowledge or experience, there must be scientific or medical evidence establishing the cause and effect relationship between the complained-of condition and the asserted cause." *Clevenger v. Labor and Indus. Relations Commission*, 600 S.W.2d 675 (Mo.App. W.D.1980).

There is no scientific or medical evidence establishing that the claimant's work either caused the medical condition which required his resignation or aggravated such condition. Absent this evidence, it is concluded that the claimant's

voluntary separation from work on September 20, 2007, was not with good cause attributable to his work or employer.

(Emphasis added).

Claimant appealed to the Commission, which, on January 29, 2009, affirmed and adopted the Tribunal's decision, stating that "the decision of the Appeals Tribunal should be affirmed because it is fully supported by the competent and substantial evidence from the hearing record and it is in accordance with the relevant provisions of the Missouri Employment Security Law." This appeal followed.

■■■ Appellate review of an unemployment benefits proceeding is governed by section 288.210.[1] The Commission's decision may be modified, reversed, remanded for hearing or set aside "upon finding that: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award." *Korkutovic v. Gamel Co.*, 284 S.W.3d 653, 655–56 (Mo.App.2009) (citing section 288.210). "Although this Court defers to the Commission's factual findings, we are not bound by the Commission's conclusions of law or its application of the law to the facts." *Korkutovic*, 284 S.W.3d at 656 (citing *Difatta–Wheaton v. Dolphin Capital Corp.*, 271 S.W.3d 594, 595 (Mo. banc 2008)).

■■■ On December 16, 2008, thirty-six days before the Commission's decision in this case, the Supreme Court of Missouri decided *Difatta–Wheaton*, which held that "non-work related illness" is not a "per se disqualification" for unemployment benefits and that the language used in past Missouri cases suggesting otherwise

should no longer be followed. *Id.* at 598. As an example of such no-longer-to-be-followed language, the Supreme Court, in footnote 7 on page 598, specifically referenced *Duffy v. Labor and Indus. Relations Comm'n*, 556 S.W.2d 195 (Mo.App. 1977), which provides:

> In *Bussmann Mfg. Co. v. Industrial Com'n*, 335 S.W.2d 456 (Mo.App.1960), we held that [§ ] 288.050 1(1) may not be read as if there were a disjunction after the word "voluntarily" so that the section imposed dual elements for a finding of disqualification, i.e., that the termination was both voluntary and without good cause attributable to her work or to her employer. The entire clause must be read within its context. Under this interpretation of the section, one terminates employment involuntarily only if there is a legally sufficient reason for leaving which is causally connected to the work or the employer. *The law requires the claimant (Ms. Duffy) to establish that there existed "a causal connection between the work and the aggravation of or contribution to, the disability."* *Bussmann Mfg. Co. v. Industrial Com'n of Missouri*, 327 S.W.2d 487, 491 (Mo.App.1959).[FN1] Personal illness of the employee unrelated to her employment will not render termination involuntary unless the illness was caused or aggravated by the work or the employer. *La Plante v. Industrial Com'n., supra*; *Bussmann Mfg. Co. v. Industrial Com'n*, 335 S.W.2d 456 (Mo.App.1960); *Bussmann Mfg. Co. v. Industrial Com'n*, 327 S.W.2d 487 (Mo.App.1959). As Ms. Duffy's illness was admittedly unrelated to her work or her employment, the required causal connection is absent, and Ms. Duffy must be held as a matter of law to have left her job voluntarily;

1. All statutory references are to RSMo 2000, unless otherwise indicated.

therefore, she is disqualified for unemployment compensation benefits.

. . . .

[FN]1. In *Bussmann Mfg. Co. v. Industrial Com'n of Missouri*, 327 S.W.2d 487 (Mo.App.1959), the claimant was unable to establish that there was a causal connection between her inability to work and her employment.

*Duffy*, 556 S.W.2d at 198 (emphasis added).

Thus, in disapproving the language in *Duffy*, which cited as its support a quotation from *Bussmann*, 327 S.W.2d at 491, the Supreme Court also disapproved the language used in *Bussmann*, 327 S.W.2d at 491, as cited and used by the Tribunal, whose decision was adopted and relied upon by the Commission as its decision. Such reliance by the Commission was, therefore, an error of law. This error led the Commission to further conclude, as recited in the Tribunal's decision adopted by the Commission, that Claimant was legally required to produce "scientific or medical evidence establishing that the claimant's work either caused the medical condition which required his resignation or aggravated such condition," in the absence of which Claimant was not entitled to benefits. Under the holding in *Difatta–Wheaton*, this conclusion is also an error of law. *Difatta–Wheaton*, 271 S.W.3d at 598.

Accordingly, we reverse and remand this case to the Commission for further proceedings in accordance with the standard announced and set forth in *Difatta–Wheaton*, including affording the parties an opportunity to present additional evidence relevant to that standard.

SCOTT, C.J., and DUNLAP, SPECIAL J., concur.